UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY M BRUCE, | ) |
|              Plaintiff, | ) |
|              v. | ) No. 1:21-cv-02465-SEB-TAB |
| WEXFORD OF INDIANA L.L.C., PAUL A. TALBOT, DR. KING, | ) |
|              Defendants. | ) |

**Entry Granting Motion for Summary Judgment
on Defendants' Affirmative Defense of Exhaustion**

Plaintiff Jeffrey M. Bruce is a former Indiana prisoner. He filed this civil action alleging that when he was incarcerated at Pendleton Correctional Facility in 2019, he was given another person's prescription heart medications for a nine-day period and suffered harm as a result. Dkt. 13. Defendants Michael King, HSA, Paul A Talbot, M.D., and Wexford of Indiana, LLC, seek resolution of this action through summary judgment. Defendants assert that they are entitled to judgment as a matter of law because Mr. Bruce failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit. Specifically, he filed his formal grievance after the 10-day period set by the Indiana Department of Corrections' grievance policy.

For the reasons explained below, Defendants' motion for summary judgment, dkt. 37, is **granted.**

# I.
# Standard of Review

Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.* When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

# II.
# Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

On August 6, 2021, Mr. Bruce filed his Amended Complaint alleging that his constitutional rights were violated while he was incarcerated at the Pendleton Correctional Facility. Dkt. 3.

Specifically, he was instructed to take medication intended for another inmate with a similar name from July 1-9, 2019. Dkt. 42-1 at p. 1.

### A. Offender Grievance Process

The Indiana Department of Correction (IDOC) offender grievance process was available to Mr. Bruce while he was incarcerated at Pendleton Correctional Facility. The purpose of the grievance process is to provide an administrative process by which inmates may resolve concerns and complaints related to the conditions of their confinement at their current institution. The grievance procedures at Pendleton Correctional Facility are noted in Admission & Orientation (A & O) paperwork provided to inmates upon their arrival at an IDOC facility. Copies of the grievance process are also available to inmates in the facility law library. Dkt. 39-1 at ¶6; Dkt. 39-2 (IDOC Offender Grievance Process).

The formal grievance process consists of three steps. Dkt. 39-1 at ¶8. First, the inmate must file with the facility's Grievance Specialist a completed State Form 45471, "Offender Grievance," no later than 10 business days from the date of the incident. Second, once the Offender Grievance is responded to by the Grievance Specialist, the inmate may appeal the response by completing State Form 45473 "Grievance Appeal," to which the Warden/Designee will respond. Finally, once the Warden gives his response to the Grievance Appeal, the inmate may then file an Offender Grievance Appeal, to which the Department Offender Grievance Manager will respond. The decision of the Department Offender Grievance Manager is final. *Id.*

Successful exhaustion of the grievance procedure by an inmate includes timely pursuing each step of the formal process. An inmate must also use the proper grievance forms in order to exhaust successfully and must file timely each grievance within the timeframe outlined by the IDOC's administrative procedures. *Id.* at ¶9.

### B. Mr. Bruce's Grievance History

Mr. Bruce was incarcerated at Pendleton Correctional Facility during the timeframe for which he filed his Complaint. Dkt. 39-1 at ¶10.

The IDOC's records reflect that Mr. Bruce submitted a formal grievance regarding his medical care on August 1, 2019. *Id.* at ¶11. He stated that he was suffering symptoms due to receiving the wrong medication from July 1 through July 9, 2019. *Id.* The grievance was received on August 2, 2019, but not filed. Dkt. 42-1 at p. 1.

A Return of Grievance form was completed on August 5, 2019. Dkt. 39-3 at p. 2. The Return of Grievance form indicates that the grievance is being returned because: "You have submitted the form too late and have not shown any good reason for the delay. Grievance forms must be submitted within the time limits set out in Policy and Administrative Procedure 00-02-301." *Id.* That policy states:

> An offender wishing to submit a grievance shall submit a completed State Form 45471, 'Offender Grievance,' no later than ten (10) business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist.

Dkt. 39-2 at p. 9. The August 1, 2019, formal grievance was submitted 22 days after the incident Mr. Bruce was grieving.

### III.
### Discussion

Defendants argue that the undisputed evidence shows that Mr. Bruce failed to exhaust his administrative remedies regarding his allegations against Defendants. Mr. Bruce disagrees.

### A. Prison Litigation Reform Act

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516,

524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140 (1992) ("Where Congress specifically mandates, exhaustion is required.").

It is Defendants' burden to establish that the administrative process was available to Mr. Bruce. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted).

### B.  *Failure to Exhaust*

Defendants argue that because Mr. Bruce failed to exhaust his administrative remedies as required prior to filing this action, his claims must be dismissed. *See Pozo*, 286 F.3d at 1024-25; *see also Roberts v. Neal*, 745 F.3d 232, 234-35 (7th Cir. 2014). Specifically, Defendants argue that the offender grievance process was available to Mr. Bruce, but he filed a formal grievance

...

regarding his medical care too late. Mr. Bruce has not offered any explanation for his failure to timely file his formal grievance within 10 days of July 9, 2019, nor has he argued that his failure to follow the grievance policy should be excused. He argues that he took many steps to follow up on his formal grievance when he did not receive a response, but that does not change the fact that he pursued his administrative remedies too late. Dkt. 42.

The PLRA "requires compliance with deadlines and other critical procedural rules, with no exceptions for special circumstances." *Ramirez v. Collier*, 142 S. Ct. 1264, 1275 (2022) (cleaned up). Mr. Bruce's undisputed failure to follow the available administrative remedy process by filing a timely formal grievance as required by the IDOC grievance policy means that this lawsuit should not have been brought and must now be dismissed without prejudice. *See Ford*, 362 F.3d at 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

## IV.
### Conclusion

Defendants have shown that Mr. Bruce did not exhaust his available administrative remedies prior to filing this lawsuit. The motion for summary judgment, dkt. [37], is therefore **granted.** Judgment dismissing this action without prejudice shall now issue.

SO ORDERED.

Date: 08/25/2022

*Sarah Evans Barker* (signature)
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEFFREY M BRUCE
6805 Lipscomb Rd
Lawrenceburg, IN 47025

All Electronically Registered Counsel